HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCHWAN'S SALES ENTERPRISES, INC. (SSEI), a Minnesota corporation; THE SCHWAN FOOD COMPANY, a Minnesota corporation; and HOLIDAY FOODS,LLC, CAMDEN CULNARY, INC., <br><br>    Plaintiffs, <br><br>v. <br><br>CHERYL GRANROTH, <br><br>    Defendant. | Case No. C07-5171RBL <br><br> ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND OTHER RELIEF |

This matter came before the Court on Motion by plaintiffs for a temporary restraining order, an order for defendant to show cause why a preliminary injunction should not issue against her, and an order for expedited discovery. The Court has reviewed and considered: Plaintiff's Motion for Temporary Restraining Order, Order to Show Cause and Expedited Discovery; the accompanying declarations of Scott Meter, Barbara Johnson, and Aaron Husby, and the exhibits thereto; any written submission made by defendants; the oral arguments of those appearing, and the records and files herein.

The Court being fully advised, it is hereby **ORDERED** that:

Plaintiffs' motion for a temporary restraining order is **GRANTED IN PART AND DENIED IN PART:**

Defendant is enjoined from disclosing any of plaintiffs' confidential, proprietary, and trade secret

ORDER
Page - 1

1  information, specifically including without limitation all the information that was copied and deleted from
2  the company laptop that plaintiffs provided to defendant.

3  Defendant is further ordered within five (5) calendar days of the date of this order to return to
4  defendants' counsel any and all documents and things, copies of documents, including electronic
5  documents maintained in any recording medium, in her possession, custody, or control relating to plaintiffs.
6  This includes but is not limited to, all information and documents that were on the laptop computer
7  defendant used while working at Holiday Division/Camden Culinary.  Within the same five (5) calendar day
8  time-frame, and for the time period February 23, 2007 through the present time, defendant is further
9  ordered to identify each and every person and/or entity to which she transmitted any information from her
10 laptop computer or from disks, sticks, or other recordings taken from the laptop computer, identifying
11 what was transmitted, how it was sent, to whom it was sent, the address of the person/entity to whom it
12 was sent, the telephone number of the person/entity to whom it was sent, and the reason for sending the
13 information to the person or entity.

14 Defendant is otherwise enjoined from violating the terms of her agreements with plaintiffs.

15 Plaintiffs are not required to post a bond in this matter because they are not, at this point, seeking
16 to enjoin defendant from working.

17 The following components of a Temporary Restraining Order requested by plaintiffs (reflected by
18 bullet point) are **DENIED WITHOUT PREJUDICE** at this time.  They will be re-visited at the time of
19 the hearing to convert this Temporary Restraining Order to a Preliminary Injunction.

20 • Defendant shall fully respond to plaintiffs' interrogatories, requests for admission, and
21   requests for production, on or before April 20, 2007.
22 • Within 48 hours of the issuance of this order, defendant shall make available for inspection
23   by plaintiffs and its designated expert all of the computers she has used at her home,
24   including all laptop computers.  Defendant shall produce all such computers at the
25   applicable business location of plaintiffs' expert.  The parties shall make reasonable
26   arrangements for transferring the computers to and from the custody of plaintiffs' expert for
27   purposes of the inspection.
28 • Defendant shall cooperate in plaintiffs' efforts to obtain a mirror imaged copy of all email

mailboxes maintained by any internet service provider used by defendant.

• Defendant shall appear for deposition no later than May 1, 2007, under a deposition notice to be issued by plaintiffs no later than April 23, 2007. The parties shall make good faith efforts to schedule defendant's deposition for a mutually agreeable date and time before the deadline.

**IT IS FURTHER ORDERED THAT:**

Defendant shall appear before Judge Ronald B. Leighton at 4:00 p.m. on May 1, 2007 in, or at such other date and time as Judge Leighton may direct, to show cause, if any, why this temporary restraining order should not be converted to a preliminary injunction.

This temporary restraining order shall take effect immediately and shall be effective until the Court makes its ruling at the preliminary injunction hearing, which is scheduled for May 1, 2007.

Entered in Open Court this 10th day of April, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE